**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Natalie Brink,

                    Plaintiff,

v.

Kevin Powell,

                    Defendant.

Case No. 2:25-cv-01998-RFB-MDC

**ORDER ON JOINT STIPULATION ON DISCOVERY DISPUTE (ECF NO. 25)**

The Court has reviewed parties' *Stipulation Regarding Discovery Dispute* ("Discovery Dispute Stipulation") (ECF No. 25). For the reasons below, the court grants defendant's request and compels plaintiff to execute HIPAA authorizations permitting defendant to obtain mental health treatment records for the ten years preceding the motor vehicle accident at issue through the present.

**I.      BACKGROUND**

This is a personal injury case removed from state court that arose out of plaintiff being injured in a motor vehicle accident. *ECF No. 1-1*.

In the Discovery Dispute Stipulation, parties dispute whether plaintiff must execute HIPAA authorizations permitting defendant to obtain plaintiff's mental health treatment records for the last ten years preceding the motor vehicle accident at issue through the present. *ECF No. 25*. Defendant seeks for plaintiff to execute the HIPAA authorizations or alternatively to preclude plaintiff from "offering any argument, testimony, or evidence at trial regarding any claims of mental anguish, emotional distress, mood changes, effects on focus or concentration, or effects on personal or professional relationships." *Id.* at 6. Plaintiff opposes both of defendant's requests and her resolution proposal is to simply deny defendant's discovery and alternative preclusion proposal. *Id.* at 6-7. Plaintiff does not offer any compromise or otherwise address the temporal or other scope of defendant's discovery.

//

//

//

1

## II.    ANALYSIS

Federal Rule of Civil Procedure ("Rule") 26(b)(1) permits discovery of nonprivileged information relevant to any party's claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Relevance is broadly construed, with discovery being considered relevant if there is "any possibility that the information sought may be relevant to the claim or defense of any party." *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at \*5 (D. Nev. July 8, 2005); *see also Welk Biology Co. v. Hakumo LLC*, No. 2:24-CV-01613-APG-NJK, 2025 WL 3287591, at \*1 (D. Nev. October 21, 2025) (relevance is broadly defined).

The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, No. 2:13-cv-00966-RCJ-VCF, 2017 WL 3037427, at \*2 (D. Nev. July 18, 2017) (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech. LLC v. Caesar Entm't Corp.*, No. 2:18-cv-00862-MMD-NJK, 2021 WL 933240, at \*1 (D. Nev. January 28, 2021). Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (*citing F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

Defendant's request for plaintiff's mental health treatment records is relevant because plaintiff is asserting damages based partly on her emotional distress following the motor vehicle accident at issue in this case. *See* Fed. R. Civ. P. 26(b)(1); *McCormick*, 2005 WL 1606595, at \*5. Plaintiff claims that her emotional distress claims are "garden variety" and that defendant's requests are "extraordinary[.]" *ECF No. 25 at 5*. Plaintiff's arguments, however, are generalized and conclusory. She cites no authority to support her contentions, or any authority that precludes defendant from obtaining the discovery he seeks in this case. *See U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at \*4 (D. Nev. February 11, 2015) ("Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties,

especially when they are represented by counsel.") (*citing Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996)). Plaintiff thus fails to meet her heavy burden in opposing defendant's requests for her mental health treatment records. *Daisy Tr.*, 2017 WL 3037427, at *2; *Linksmart Wireless Tech.*, 2021 WL 933240, at *1; *Chubb Integrated Sys.*, 103 F.R.D. at 58. Therefore, the Court grants defendant's proposal regarding his request for discovery and denies defendant's proposal. Defendant's alternative request in his proposal to preclude plaintiff from offering any argument, testimony, or evidence at trial that relates to claims about her mental condition is denied as moot.

## III.    CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

The Parties' *Stipulation Regarding Discovery Dispute* (ECF No. 25) is **GRANTED** in part and **DENIED** in part as follows:

> a.    Defendant's request to compel plaintiff to execute HIPAA authorizations permitting defendant to obtain plaintiff's mental health treatment records for the last ten years is **GRANTED**. Within seven days of the date of this Order, plaintiff shall execute HIPAA authorizations permitting defendant to obtain her mental health treatment records for the ten years preceding the motor vehicle accident at issue through the present.

> b.    Defendant's alternative request to preclude plaintiff from offering any argument, testimony, or evidence at trial relating to claims about her mental condition is **DENIED** as moot.

> c.    Plaintiff's proposal to reject defendant's requests is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 17, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge