**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Natalie Brink,<br><br>     Plaintiff,<br><br>vs.<br><br>Kevin Powell,<br><br>     Defendants. | Case No. 2:25-cv-01998-RFB-MDC<br><br>**ORDER DENYING WITHOUT PREJUDICE IN PART AND GRANTING IN PART MOTION TO DEEM SERVICE EFFECTUATED OR FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE (ECF NO. 35)** |

Defendant/third-party plaintiff Kevin Powell ("Powell") filed a *Motion to Deem Service Effectuated or for an Order Authorizing Alternative Service* ("Motion") (ECF No. 35). Powell requests for the Court to deem service to third-party defendant Thomas Pablo ("Pablo") effectuated or alternatively "authoriz[e]… service by email and U.S. Mail, and… extend[] the deadline [for service]." *ECF No. 35*. The Court **DENIES** without prejudice the Motion in part regarding Powell's requests to deem service effectuated and for alternative service and **GRANTS** the Motion in part regarding an extension of time for the reasons below.

**I. BACKGROUND**

This is a personal injury case removed from state court that arose out of plaintiff being injured in a motor vehicle accident. *ECF No. 1-1*. Powell filed a third-party complaint against Pablo (ECF No. 27) and filed this Motion following several attempts to locate and personally serve Pablo. *ECF No. 35*.

**II. DISCUSSION**

 **A. General Legal Principles**

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (citation omitted). Several valid service methods are set forth in Federal Rule of Civil Procedure ("Federal Rule") 4.

Nevada Rules of Civil Procedure ("Nevada Rule") 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

The Ninth Circuit and the Nevada Rules permit service to be completed through certified mail and email. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail …email… or any other method of communication."). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Pursuant to Federal Rule 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for

2

service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

**B.    Analysis**

Powell requests that the Court deems service to Pablo effectuated because Powell attempted personal service at two Las Vegas, Nevada addresses he claims are associated with Pablo and sent the Third-Party Complaint and Summons to an email address he claims Pablo receives messages in. *See ECF Nos. 35*. Alternatively, Powell requests to serve Pablo by U.S. mail to one of the Las Vegas, Nevada addresses Powell attempted personal service on and by the email address that Powell sent the Third-Party Complaint and Summons to. *Id.* Powell also requests an extension of time to properly serve Pablo if the Court denies his request to deem service effectuated. *Id.*

Powell fails to show that his prior service attempts and requested alternative service methods comported or would comport with due process at this time. Powell's attorney states that when personal service was attempted on the Las Vegas, Nevada addresses, individuals at the properties notified the process server that Pablo does not currently reside at either address. *See ECF No. 35-1* at 3-4. Powell provides no evidence that Pablo ever resided at the Las Vegas, Nevada addresses or that Pablo uses either address to receive mail. *See Tao v. Murphy, et al.*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *3 (D. Nev. July 11, 2025) (denying service by mail to a physical address when plaintiff did not provide sufficient evidence to prove that defendant ever actually used that mail address to receive mail). Powell does not explain how he found the addresses (*e.g.*, by a skip trace or other method) or what efforts were made to locate other possible physical addresses associated with Pablo. Similarly, Powell does not detail how he found the email address he sent the Third-Party Complaint and Summons to or if Pablo receives messages from that email address. Powell thus does not show that his prior service attempts or requests for alternative service were or would be reasonably calculated to give Pablo

notice of this case. Therefore, the Court denies without prejudice Powell's requests to deem service to Pablo effectuated and for alternative service.

However, the Court will grant Powell's request for an extension of time to serve Pablo. In the Motion and attached exhibits, Powell shows that he retained a personal process server who attempted service multiple times at several addresses. *ECF No. 35*. Under the circumstances, the Court finds that Powell has been diligent in attempting to serve Pablo and has shown good cause for an extension. Powell must file proof of service regarding Pablo by **July 29, 2026**.

**III.    CONCLUSION AND ORDER**

ACCORDINGLY,

**IT IS ORDERED** that:

1.    Defendant/third-party plaintiff Kevin Powell's *Motion to Deem Service Effectuated or for an Order Authorizing Alternative Service* (ECF No. 35) is **DENIED** in part and without prejudice regarding Powell's requests to deem service to third-party defendant Thomas Pablo effectuated and for alternative service to Pablo and **GRANTED** in part regarding Powell's request for an extension of time to serve Pablo.

2.    Defendant/third-party plaintiff Kevin Powell's must file proof of service regarding third-party defendant Thomas Pablo by **July 29, 2026**.

DATED: June 29, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

4

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.