# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Natalie Brink,

Plaintiff,

vs.

Kevin Powell,

Defendants.

Case No. 2:25-cv-01998-RFB-MDC

**ORDER DENYING IN PART AND GRANTING IN PART MOTION (ECF NO. 41)**

Defendant/third-party plaintiff Kevin Powell ("Powell") filed a *Renewed Motion to Deem Service Effectuated Or For An Order Authorizing Alternative Service* ("Motion") (ECF No. 41). Powell filed this Motion following the Court denying his prior request to deem service effectuated or authorize alternative service (ECF No. 38). Powell requests for the Court to either deem service to third-party defendant Thomas Pablo ("Pablo") effectuated or authorize alternative service by email and mail. *ECF No. 41*. The Court **DENIES** without prejudice the Motion in part regarding Powell's requests to deem service effectuated and for alternative service by certified mail and **GRANTS** the Motion in part regarding Powell's request for alternative service by email. The Court also *sua sponte* extends the deadline to serve Pablo. The reasoning is as follows.

## I. DISCUSSION

### A. General Legal Principles

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1017 (9th Cir. 2002) (citation omitted). Several valid service methods are set forth in Federal Rule of Civil Procedure ("Federal Rule") 4.

Nevada Rules of Civil Procedure ("Nevada Rule") 4.4 governs methods of alternative service. It provides that:

> (1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method. (2) A motion seeking an order for alternative service must: (A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

The Ninth Circuit and the Nevada Rules permit service to be completed through certified mail and email. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to a defendant using other methods of notice, including certified mail …email… or any other method of communication."). An alternative method of service comports with due process when it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**B. Analysis**

Powell requests that the Court deems service to Pablo effectuated because Powell attempted personal service at two Las Vegas, Nevada addresses associated with Pablo and sent the Third-Party Complaint and Summons to an email address associated with Pablo. *ECF No. 41*. Alternatively, Powell requests alternative service by mail to one of the Las Vegas, Nevada address that Powell attempted personal service to and by the email address that Powell sent the Third-Party Complaint and Summons. *Id.*

In the Motion and attached exhibits, Powell argues that he "cured" the deficiencies noted in the Court's Order denying his prior request for service. *ECF No. 41* at 8-10. He states that he found one of the Las Vegas, Nevada addresses from the August 21, 2023 Traffic Collision Report, the other address from a skip-trace, and the email address through Pablo's prior law firm. *Id.* However, Powell has still not shown that Pablo currently resides at either address or resided at the addresses when personal service was attempted there. Powell also admits that he "has not received separate confirmation" that Pablo receives mail at the Las Vegas, Nevada addresses. *Id.* at 6-7. Powell thus fails to show that his prior service attempts or requests for alternative service via mail were or would be reasonably calculated to give Pablo notice of this case. Therefore, the Court denies without prejudice Powell's requests to deem service to Pablo effectuated and for alternative service by mail.

However, the Court grants Powell's request for alternative service to serve Pablo by email. Specifically, Powell seeks to serve Pablo by email to Thomasgilpablo@yahoo.com. Powell has shown service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable and has shown due diligence in attempting service. *See ECF No. 41*. Moreover, Powell provides sufficient evidence of Pablo's known, or last known, contact information in the Motion and attached exhibits. *See id.* He also shows that service to Thomasgilpablo@yahoo.com now comports with due process. Powell's counsel states in a sworn Declaration that he received the email address from Pablo's prior law firm and that when he sent the Third-Party Complaint and Summons to the email address, he received no bounce back. *ECF No. 41-1* at 5. Powell's counsel made that Declaration under penalty of perjury and provides an exhibit of the email that was sent. *Id.* at 6; *ECF No. 41-9*. Given this and the substantial time and resources that Powell has put into trying to serve Pablo, the Court finds that service by email to Thomasgilpablo@yahoo.com is reasonably calculated to give Pablo notice and an opportunity to respond. *See Mullane*, 339 U.S. at 314; *see also Starken v. Amazon.com, Inc.*, No. 2:25-cv-0045-RFB-EJY, 2025 WL 1640794, *1-2 (D. Nev. May 5, 2025) (allowing plaintiff to serve defendant the

complaint and summons by email if plaintiff could find "any email address that is reasonably associated with" defendant because plaintiff had already made reasonable efforts to serve defendant prior).

The Court also notes that while it was considering the Motion, the deadline for serving Pablo expired. *ECF No. 38* at 4. The Court has discretion to *sua sponte* extend the time for service based on good cause. *See Eko Brands, LLC v. Houseware Sols., LLC*, No. 2:20-cv-2076-RCJ-BNW, 2021 WL 4149016, at *5 (D. Nev. August 20, 2021) (collecting cases). For good cause, the Court uses its discretion and *sua sponte* extends the deadline for serving Pablo. Defendant/third-party plaintiff Kevin Powell's must file proof of service regarding third-party defendant Thomas Pablo by **September 14, 2026**.

## II. CONCLUSION AND ORDER

ACCORDINGLY,

**IT IS ORDERED** that:

1. Defendant/third-party plaintiff Kevin Powell's *Renewed Motion to Deem Service Effectuated Or For An Order Authorizing Alternative Service* (ECF No. 41) is **DENIED** in part and without prejudice regarding Powell's requests to deem service to third-party defendant Thomas Pablo effectuated and for alternative service to Pablo by mail. The Motion is **GRANTED** in part regarding Powell's request for alternative service to Pablo by email to Thomasgilpablo@yahoo.com.
2. The Court *sua sponte* extends the deadline for serving Pablo. Defendant/third-party plaintiff Kevin Powell's must file proof of service regarding third-party defendant Thomas Pablo by **September 14, 2026**.

DATED: August 14, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.